JOHN T. GREEN, Sheriff, plaintiff in error, *vs.* BENJAMIN H. JONES, defendant in error.

The Sheriff had a *fi. fa.*, founded upon a mortgage upon land, made in March, 1861, and though he had time to do so, failed to make the money upon it, because a third person had been in possession of the land since August, 1861, and had had it assigned and set apart as his homestead, and the Sheriff's attorney advised him that he ought not to levy upon the land: The Court below erred in making the Sheriff pay the *fi. fa.* WARNER, J., dissenting.

Rule against Sheriff. Before Judge HARRELL. Early Superior Court. April Term, 1869.

In March, 1861, Rowe mortgaged land to Jones to secure his note, due in January, 1862. The mortgage was foreclosed, and the *fi. fa.* delivered to the sheriff in time, for him

to have made the money by said term. He did not make it, and Jones ruled him. In August, 1861, one Knight took possession of said land, ever since has had possession of it, and has recently had it set apart as a homestead for his, Knight's, wife and children. The sheriff had notice of this, and was advised by his counsel not to levy on said land, because of said homestead having been so assigned. The sheriff giving no other excuse for not having the money, the Court ordered him to pay Jones the amount of his *fi. fa.* This is assigned as error.

THOMAS F. JONES, H. FIELDER, for plaintiff in error.

A. HOOD, for defendant.

McCAY, J.

We do not think the facts set forth by the sheriff in his answer are such as to show that he would have been a trespasser had he made the levy, as required by the plaintiff. But we do think that, under all the circumstances, the judgment of the Court requiring him to pay the debt is unwarrantable. The sheriff evidently acted in good faith. He consulted a respectable attorney, and, as everybody knows, the true construction of the Homestead Law was a question of great doubt. As a matter of course, a sheriff must act at his peril, and if the plaintiff is damaged by his failure to judge rightly, he, the sheriff, must bear the loss. But here was no loss. The land is still there, as subject as it ever was. Had the property been movable, so that it might have been gotten out of the way, we would presume, perhaps, in favor of the judgment that this was the case; but in no event could the plaintiff be injured here except by the delay. In effect this was a proceeding for the benefit of the plaintiff. He has no claim except for the damages caused him by the sheriff. By the judgment of the Court he gets his money, the *fi. fa.* is satisfied, and the sheriff loses the whole. Had it not been apparent that the sheriff acted in good faith we should not feel disposed to interfere. He ought, in case of

Green, sheriff, *vs.* Jones.

want of good faith, to be punished, and we would not enquire closely into the mode taken by the Court to punish him. Under the judgment, the plaintiff, who is not hurt by the sheriff's action, gets his whole debt, and the sheriff, who is not really guilty of contempt, but only of mistake, has it to pay and lose it.

We think this is too harsh a proceeding for an honest mistake which has injured no one, and we reverse the judgment.

BROWN, C. J., concurred, but furnished no opinion.

WARNER, J., dissenting.

This case came before the Court below on a rule against the sheriff to show cause why he had not made the money on a mortgage *fi. fa.* placed in his hands, issued on the foreclosure of a mortgage upon a tract of land described therein. It appears from the record, that on the 9th day of March, 1861, Rowe made and executed his mortgage deed to Jones upon a tract of land in Early county, that the mortgage had been duly foreclosed, and the *fi. fa.* issued thereon had been placed in the sheriff's hands in time to have made the money. The sheriff's excuse for not having done so, as shown by his return, was, that he had been notified that one Knight, who was living upon the land included in the mortgage, claimed a homestead upon the mortgaged premises, and that he was advised by his counsel not to levy on the same. There is no evidence in the record under what title Knight claimed possession of the land, or whether he had any, except that he had a homestead set apart for himself and family on it. For aught that appears, he may have been the *tenant* of Rowe, the mortgagor and defendant in *fi. fa.*, and if so, he was not entitled to a homestead in Rowe's land, and in no event was he entitled to a homestead in the land as against the *incumbrance* of Jones' mortgage, for the reasons stated in *Kelly vs. Stephens,* decided during the present term. It was the duty of the sheriff to have levied the mortgage *fi. fa.* upon the land as the property of Rowe, the mortgagor, and then for Knight to have interposed his claim to the land, if he had any. The

fact that Knight, a third party, claimed a homestead on the land, and so notified the sheriff, was not, in my judgment, a sufficient legal excuse, nor was the fact that he had been advised by his counsel not to make the levy, a sufficient legal excuse for the failure to perform his duty in obeying the mandate of the Court, which commanded him to levy upon the land as the property of Rowe, the mortgagor. It would be a bad precedent, in my judgment, to hold that a sheriff may take the statements of third parties as to their rights to property which he is commanded by the process of the Court to seize and sell in satisfaction thereof, and if he can shelter himself under the advice of his counsel from performing his duty, it would be still worse. The Court below did not err in making the rule absolute against the sheriff upon the statement of facts contained in this record; and I am of the opinion the judgment of the Court below should be affirmed.